IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Shane Simmons, Chris Cook, Larry Basil, Jerry Candelaria, Brian Clark, Tim Coggins, Yvonne Marrone, Thomas Martinez, Steve McKay, Jack Smith, John Smith and Paul Smith on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>Valspar Corporation,<br><br>Defendant. | Civil Action No. 10-3026 RHK/SRN<br><br>JURY TRIAL DEMANDED<br><br>ELECTRONICALLY FILED |

## FIRST AMENDED COMPLAINT

Plaintiffs file their First Amended Complaint to add the following individuals as Representative Plaintiffs in this Collective Action Complaint: Larry Basil, Jerry Candelaria, Brian Clark, Tim Coggins, Yvonne Marrone, Thomas Martinez, Steve McKay, Jack Smith, John Smith and Paul Smith. These additional Representative Plaintiffs, along with the original plaintiffs, Shane Simmons and Chris Cook, (collectively, the "Representative Plaintiffs"), allege, on behalf of themselves and all others similarly situated, that Defendant Valspar Corporation ("Defendant" or "Valspar") has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by misclassifying the Representative Plaintiffs and all Lowe's Division Territory Managers, as exempt employees and failing to pay them straight time or overtime for hours worked in excess of 40 hours per week. In support of these claims, the Representative Plaintiffs assert as follows:

## NATURE OF THE ACTION

1.      The Representative Plaintiffs allege on behalf of themselves and other similarly situated current and former Territory Managers in the Lowe's Division of Defendant Valspar who elect to opt into this action pursuant to Section 216(b) of the FLSA that they: (i) have been misclassified as exempt employees; (ii) are entitled to unpaid wages from Defendant for work performed for which they did not receive any compensation, as well as overtime work for which they did not receive overtime premium pay as required by law; and (iii) are entitled to liquidated damages pursuant to the FLSA.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

4.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5.      Plaintiff Shane Simmons was, at all relevant times, an adult individual, residing at 700 Bacon Street, Pekin, IL.

6.      From in or about November 2005 through March 2009, Plaintiff Simmons was employed by Valspar as a Territory Manager, Lowe's Division for the Springfield (IL) Territory.

7.      Plaintiff Chris Cook was, at all relevant times, an adult individual, residing at 6333 Tamworth Lane, Knoxville, TN.

8. From in or about June, 1996 to present, Plaintiff Cook has been and remains employed by Valspar as a Territory Manager, Lowe's Division for the Knoxville (TN) Territory.

9. Plaintiff Larry Basil was, at all relevant times, an adult individual, with a mailing address of P.O. Box 1363, Orange Beach, AL.

10. From in or about 1999 to the present, Plaintiff Basil was employed by Valspar as a Territory Manager, Lowe's Division for the Tampa, Tallahassee and Pensacola (FL) Territories.

11. Plaintiff Jerry Candelaria was, at all relevant times, an adult individual, residing at 414 S. Rancho Avenue, San Bernadino, CA.

12. From in or about September, 2006 to present, Plaintiff Candelaria has been and remains employed by Valspar as a Territory Manager, Lowe's Division for the Antelope Valley and San Bernardino (CA) Territories.

13. Plaintiff Brian Clark was, at all relevant times, an adult individual, residing at 948 West Berkley Court, Ontario, CA.

14. From in or about December, 2007 to present, Plaintiff Clark has been and remains employed by Valspar as a Territory Manager, Lowe's Division for the Inland Empire (CA) Territory.

15. Plaintiff Tim Coggins was, at all relevant times, an adult individual, residing at 198 Florence Circle, Dandridge, TN.

16. From in or about August, 2006 to present, Plaintiff Coggins has been and remains employed by Valspar as a Territory Manager, Lowe's Division for the Morristown (TN) Territory.

17. Plaintiff Yvonne Marrone was, at all relevant times, an adult individual, residing at 8907 North Arrawana Avenue, Tampa, FL.

18. From in or about February, 2001 to April, 2009, Plaintiff Marrone was employed by Valspar as a Territory Manager, Lowe's Division for the Tampa (FL) Territory.

19. Plaintiff Thomas Martinez was, at all relevant times, an adult individual, residing at 13171 Winona Road, Apple Valley, CA.

20. From in or about December, 1999 to present, Plaintiff Martinez has been and remains employed by Valspar as a Territory Manager, Lowe's Division for the Mojave and Apple Valley (CA) Territories.

21. Plaintiff Steve McKay was, at all relevant times, an adult individual, residing at 103 Charnie Drive, Thomasville, GA 31792.

22. From in or about October, 2002 to present, Plaintiff McKay has been and remains employed by Valspar as a Territory Manager, Lowe's Division for the Macon (GA) and Tallahassee (FL) Territories.

23. Plaintiff Jack Smith was, at all relevant times, an adult individual, residing at 266 Begonia Way, Princeton, WV 24740.

24. From in or about July, 2000 to present, Plaintiff Jack Smith has been and remains employed by Valspar as a Territory Manager, Lowe's Division for the Charleston and Beckley (WV) Territories.

25. Plaintiff John Smith was, at all relevant times, an adult individual, residing at 7308 Farrington Farms Drive, Wilmington, NC 28411.

26. From in or about July, 2008 to August, 2010, Plaintiff John Smith was employed by Valspar as a Territory Manager, Lowe's Division for the Wilmington (NC) Territory.

27. Plaintiff Paul Smith was, at all relevant times, an adult individual, residing at 8142 Brush Drive, Huntington Beach, CA 92657.

28. From in or about November, 2006 to present, Plaintiff Paul Smith has been and remains employed by Valspar as a Territory Manager, Lowe's Division for the Newport Beach (CA) Territory.

29. Defendant Valspar is a Delaware corporation with its principal place of business located in Minneapolis, Minnesota. Valspar maintains its Corporate Headquarters at 114 8th Street South, Minneapolis, Minnesota 55402. At all relevant times Valspar has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

## FACTUAL BASIS OF PLAINTIFFS' CLAIMS

30. Defendant Valspar manufactures and distributes paints and stains for consumer use under the registered trade names, Valspar, Quikcrete, and Cabot (together "Valspar Paints and Stains").

31. Valspar's Paints and Stains are sold at Lowe's home improvement stores operated by Lowe's Companies, Inc. throughout the United States.

32. Valspar has employed and presently employs Territory Managers, including the Representative Plaintiffs, to be responsible for inventory management, event and brand marketing and product training at assigned Lowe's stores within a designated geographic region.

33. The principal job duties of a Territory Manager, including such duties assigned to both Representative Plaintiffs, are to make sure that Valspar's Paints and Stains are properly

stocked, priced and displayed within the shelf space Valspar has negotiated at each of the Territory Manager's assigned stores.

34. Territory Managers also provide product knowledge training sessions to store personnel and engage in in-store sales conversations/demonstrations with Lowe's customers.

35. Although, as the foregoing demonstrates, Territory Managers have a number of job duties, those responsibilities require no technical or specialized skills and no capital investment.

36. Despite the title of "Territory Manager," these employees, in fact, do not have any managerial responsibilities. Nor do they have the authority to hire or fire other employees, or to make recommendations concerning the hiring or firing of other employees.

37. In reality, Territory Managers do not exercise any independent judgment in carrying out their duties, which are instead dictated and monitored by Regional Managers based on directives from executive and marketing personnel at Valspar's Minneapolis headquarters.

38. Valspar has misclassified these Territory Managers, including the Representative Plaintiffs, as exempt employees under the FLSA during all times relevant to these claims.

39. Based on this willful and deliberate misclassification, Valspar has justified requiring Territory Mangers like the Representative Plaintiffs to work hours well in excess of 40 hours a week, without any compensation (straight time or overtime) for those hours beyond the 40-hour week, in violation of the FLSA.

40. Valspar requires Territory Managers, including the Representative Plaintiffs, to work a total of at least eight hours a day from the time that the Territory Managers first arrive at a Lowe's Store until leaving their last Lowe's Store.

41. During the relevant time period, Valspar has required Territory Managers to work at least eight hour workdays on up to nine Saturdays per year, without compensation.

42. Valspar does not compensate Territory Managers for any portion of the time these employees spend commuting between their homes and the first or last Lowe's store serviced by the Territory Manager on a given workday, even where such commute time far exceeds one hour, which the Department of Labor has typically regarded as a reasonable amount of non-compensable commute time.

43. Thus, Territory Managers often spend as many as two to three hours each day in compensable travel time beyond the hours worked within the Lowe's stores. Due to Valspar's misclassification of the Territory Managers as exempt employees, these employees have not been compensated at all, let alone as overtime.

44. Territory Managers are also required to perform additional job functions and engage in other indispensable activities, including certain administrative tasks such as reporting, responding to company emails, completing training modules, and participating in weekly conference calls. Valspar does not permit these additional job functions to be performed during the workday. Due to Valspar's misclassification of the Territory Managers, as exempt employees, such additional job functions and indispensable activities are performed by Territory Managers without any compensation.

45. Throughout the Representative Plaintiffs' tenure as Territory Managers, including during the time period relevant to this Complaint, Valspar has failed to maintain accurate and sufficient time records for its Territory Managers, including the Representative Plaintiffs.

46. The Representative Plaintiffs, as well as other Territory Managers, have raised these issues with Valspar, contesting the misclassification and requesting appropriate compensation for all hours worked. Valspar has refused to provide the compensation provided by law.

## COLLECTIVE ACTION ALLEGATIONS

47. Pursuant to 29 U.S.C. §216, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Valspar as Lowe's Division Territory Managers in the United States at any time during the period May 1, 2007 to the entry of judgment in this case (the "Collective Action Period"), who were not paid for hours that they actually worked as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

48. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number would be based are presently solely within the custody and/or control of the Defendant, Valspar currently employs approximately 250 Lowe's Division Territory Managers around the country. A number of Territory Managers have left employment with Valspar during the Collective Action Period, and have similar claims for violations of the FLSA. Most of these Collective Action Members would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

49. The Representative Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in

the fields of employment law and class action litigation. Plaintiffs have no interest that is contrary to or in conflict with those of the Collective Action Members. All Representative Plaintiffs are similarly situated and have the same claims against Defendant.

50.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Collective Action Members to individually seek redress for the wrongs done to them.

51.     Common questions of law and fact predominate in this action because Valspar has acted on grounds generally applicable to all members. Among the questions of law and fact common to the Plaintiffs and all Collective Action Members are:

   a.   Whether the Defendant employed the Plaintiffs and Collective Action Members as Lowe's Division Territory Managers within the meaning of the FLSA;

   b.   Whether the Defendant misclassified Lowe's Division Territory Managers, including the Plaintiffs and Collective Action Members, as exempt employees under the FLSA;

   c.   Whether the Defendant failed to pay Plaintiffs and the Collective Action Members for all hours that they worked and whether they received no compensation, as well as overtime compensation, for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated there under by the Department of Labor;

   d.   What proof of hours is sufficient where the employer fails in its duty to maintain time records within the meaning of the FLSA;

   e.   Whether Valspar's violations of the FLSA were willful, as that term is used within the context of the FLSA;

   f.   Whether Valspar has retaliated, either through discipline or discharge, against Territory Managers who have objected to, challenged, or refused to comply with Valspar's illegal policies that violate the FLSA;

      g.      Whether Valspar is liable for all damages claimed hereunder, including, but not limited to, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

      h.      Whether Valspar should be enjoined from such violations of the FLSA in the future.

52. Representative Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## COUNT I: FAIR LABOR STANDARDS ACT

53. The Representative Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference Paragraphs 1 through 52 as if they were set forth in full herein.

54. At all relevant times, Valspar has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

55. At all relevant times, Valspar employed, and/or continues to employ, Representative Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

56. At all relevant times, Valspar has had annual gross revenues in excess of $500,000.

57. The Representative Plaintiffs expressly consent in writing to be parties to this action, pursuant to 29 U.S.C. §216(b).

58. At all relevant times, Valspar had a policy and practice of misclassifying Lowe's Division Territory Managers, including Plaintiffs and the Collective Action Members, as exempt under the FLSA.

59.  At all relevant times, Valspar had a policy and practice of refusing to pay any compensation, including straight time and overtime compensation, to Lowe's Division Territory Mangers for hours worked in excess of forty hours per workweek.

60.  As a result of Valspar's willful failure to compensate its Lowe's Division Territory Managers, including Representative Plaintiffs and the Collective Action Members, for all the hours worked by them, as well as, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Valspar has violated and continues to violate the FLSA, including §§207(a)(1) and 215(a).

61.  As a result of Valspar's misclassification of its Lowe's Division Territory Managers and its attendant failure to record, report, credit and/or compensate the Representative Plaintiffs and the Collective Action Members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including §§211(c) and 215(a).

62.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. §255(a).

63.  Due to Valspar's FLSA violations, Representative Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to recover from the Defendant their unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to §216(b) of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, the Representative Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

    A.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all Collective Action members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Opt In and appointing Plaintiffs and their counsel to represent the Collective Action Members;

    B.    Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    C.    Issuance of an injunction against Valspar and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    D.    Award of unpaid wages, as well as all overtime compensation, due under the FLSA to the Plaintiffs and the Collective Action Members;

    E.    Award of liquidated damages to the Plaintiffs and Collective Action Members as a result of Valspar's willful failure to pay for all wages dues as well as overtime compensation pursuant to the FLSA;

    F.    Award of prejudgment and post judgment interest;

    G.    Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    H.    Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this 3rd day of December, 2010,

**COOK, HALL & LAMPROS, LLP**

/s Christopher B. Hall
Edward S. Cook
Christopher B. Hall
P. Andrew Lampros
Promenade Two, Suite 3700
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: 404 876-8100
Fax: 404 876-3477
Email: ecook@cookhall.com
         chall@cookhall.com
         alampros@cookhall.com

**HUNEGS, LENEAVE & KVAS**

William Kvas
900 Second Avenue South
Suite 1650
Minneapolis, MN 55402
Fax: 612-339-5150
Telephone: 612-339-4511
Email: wkvas@hlklaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Shane Simmons and Chris Cook, on behalf of himself and all others similarly situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>Valspar Corporation,<br><br>  Defendant. | **CERTIFICATE OF SERVICE**<br><br>Civil Action No. **10-3026 RHK/SRN**<br><br>ELECTRONICALLY FILED |

I hereby certify that on December 3, 2010, I caused the following document:

FIRST AMENDED COMPLAINT

To be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

DORSEY & WHITNEY, LLP
Robert R. Reinhart
Ryan Mick
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Tel: (612) 340-2600

Dated December 3, 2010.

COOK, HALL AND LAMPROS, LLP
/s Christopher B. Hall
Christopher B. Hall
Promenade Two, Suite 3700
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: 404 876-8100
Fax: 404 876-3477
Email: chall@cookhall.com